IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DERRICK J. SMITH, | § | |
| | § | No. 306, 2022 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1101020846 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: October 26, 2022
Decided: November 18, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Derrick J. Smith, filed this appeal from the Superior Court's denial of his motions for correction of illegal sentence and for reargument thereof. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Smith's opening brief that his appeal is without merit. We agree and affirm.

(2)     In July 2011, Smith pleaded guilty to possession of a firearm during the commission of a felony ("PFDCF") and attempted first-degree assault. The charges arose from an incident on January 29, 2011, during which Smith fired a gun at a

police officer several times during a foot chase.  The Superior Court sentenced Smith in September 2011 to twenty-five years of imprisonment for PFDCF and to twenty-five years of imprisonment, suspended after five years for decreasing levels of supervision, for attempted first-degree assault.  This Court affirmed on direct appeal.[1]

(3)     Smith has filed numerous motions for postconviction relief or correction or reduction of sentence.  At issue in this appeal are the Superior Court's denial of a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a) that Smith filed in July 2022 and the court's denial of Smith's motion for reargument.

(4)     We review the denial of a motion for correction of sentence under Rule 35(a) for abuse of discretion.[2]  To the extent the claim involves a question of law, we review the claim *de novo*.[3]  A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by

---

[1] *Smith v. State*, 2012 WL 1530849 (Del. Apr. 30, 2012).  The Superior Court later determined that Smith should have received no more than twenty years for the attempted first-degree assault offense because of an error on the plea paperwork and resentenced Smith accordingly for that offense.  This Court affirmed.  *Smith v. State*, 2014 WL 1017277 (Del. Mar. 13, 2014).
[2] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[3] *Id.*

statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[4]

(5) Under the applicable version of 11 *Del. C.* § 1447A, the minimum-mandatory sentence for PFDCF was three years.[5] For a class B violent felony such as PFDCF, the Sentencing Accountability Commission ("SENTAC") guidelines established a presumptive sentence of up to five years.[6] Smith asserts that his PFDCF sentence is illegal because the aggravating factors were insufficient to merit the upward departure from the SENTAC guidelines; the sentencing judge did not sufficiently explain the enhancement, as required by 11 *Del. C.* § 4204(n);[7] the sentencing judge sentenced Smith with a closed mind; and the sentence was disproportionate compared to the sentences imposed on others for the same offense.

(6) The appeal is without merit. As an initial matter, Smith filed the motion for correction of illegal sentence more than ten years after the imposition of sentence. This Court has previously construed a motion for sentence correction based on the sentencing judge's failure to explain the reasons for departing from the SENTAC guidelines as a claim that the sentence was imposed in an illegal manner that must

---

[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[5] 11 *Del. C.* § 1447A(b) (effective July 9, 2001, to May 23, 2018).
[6] SENTAC Benchbook 2011, at 31, 32, 35, *available at* https://courts.delaware.gov/superior/pdf/benchbook_2011.pdf. We refer to the 2011 version of the Benchbook because Smith was sentenced for PFDCF in 2011. *Gibson v. State*, 2020 WL 7213227, at *1 n.1 (Del. Dec. 3, 2020).
[7] *See* 11 *Del. C.* § 4204(n) (effective May 31, 2003, to present) ("Whenever a court imposes a sentence inconsistent with the presumptive sentences adopted by the Sentencing Accountability Commission, such court shall set forth on the record its reasons for imposing such penalty.").

be raised within ninety days of sentencing.[8]  Absent extraordinary circumstances, which Smith has not identified, his motion was untimely.

(7)     In any event, Smith's arguments are unpersuasive.  This Court has held that "a sentence is not illegal simply because it exceeds the SENTAC guidelines."[9] Section 4204(n) provides that "[w]henever a court imposes a sentence inconsistent with the presumptive sentences adopted by the Sentencing Accountability Commission, such court shall set forth on the record its reasons for imposing such penalty."[10]  In this case, the sentencing transcript reflects that the court identified undue depreciation of the offense and the fact that Smith was on probation at the time of the offense as aggravating factors.[11]  The court also emphasized the serious risk of death that Smith created by firing a gun at a police officer and its desire to deter such conduct in the future.[12]  Thus, the court sufficiently explained on the record its reasons for the sentence that it imposed.[13]  Moreover, as the Superior Court correctly observed, this Court previously determined that the Superior Court

---

[8] *Richmond v. State*, 2022 WL 2276282, at *2 (Del. June 22, 2022).

[9] *Id.*

[10] 11 *Del. C.* § 4204(n); *see also Gibson*, 2020 WL 7213227, at *2 (stating that Section 4204(n) "imposes a statutory duty upon a sentencing judge to state on the record the reasons for any sentence that falls outside the SENTAC presumptive sentence").

[11] *Smith v. State*, Crim. ID No. 1101020846, Sentencing Transcript at 13 (Del. Super. Ct. Sept. 30, 2011).

[12] *Id.* at 11-12.

[13] *Cf. Lloyd v. State*, 2022 WL 4372760, at *3 (Del. Sept. 22, 2022) (affirming denial of motion to correct illegal sentence because sentencing judge had sufficiently explained upward departure from SENTAC guidelines).

properly found aggravating factors; held that "[w]hile harsh, [Smith's] sentence was within the statutory limits;" and rejected Smith's claim that the sentencing judge imposed the sentence with a closed mind.[14]  Finally, Smith's claim that his sentence is disproportionate compared to the sentences imposed on others does not "give rise to a cognizable claim under Rule 35(a)."[15]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[14] *Smith v. State*, 2012 WL 1530849, at *1 (Del. Apr. 30, 2012).
[15] *Williams v. State*, 2012 WL 5844891, at *1 (Del. Nov. 16, 2012).